UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MICHAEL J. GRANT, | ) |
|     *Plaintiff,* | ) No. 1:13-CV-333 |
| v. | ) *Mattice/Carter* |
| ASSISTANT DISTRICT ATTORNEY STEVEN D. HATCHETT; DISTRICT ATTORNEY STEVE BEBB; WAYNE CARTER; DETECTIVE JIMMY SMITH; DETECTIVE MICHAEL HUMBLE; J.M. (JIM) CREECH; CARL MATTHEWS; CARL MATTHEWS; | ) |
|     *Defendants.* | ) |

## **MEMORANDUM**

Plaintiff Michael J. Grant ("Plaintiff") is confined at the McMinn County Justice Center in Athens, Tennessee. Plaintiff filed a *pro se* civil rights action under 42 U.S.C. § 1983 (Doc. 2). Plaintiff neither paid the $350.00 filing fee nor submitted all of the necessary documents to support his motion to proceed *in forma pauperis* (Doc. 1).

Because Plaintiff failed to submit a Prisoner Account Statement Certificate and certified copy of his inmate trust account for the previous six-month period, the Court issued a deficiency order (Doc. 3). On December 23, 2013, the Court issued an order directing Plaintiff to file, within twenty (20) days from the date of the Order, the necessary trust account documents (Doc. 3). Plaintiff was forewarned that failure to return the completed documents within the time required would result in the dismissal of his case for lack of prosecution.

As of January 31, 2014, Plaintiff has failed to submit the required documents or file any response to the Court's December 23, 2013, Order. Plaintiff's failure to timely

respond to the Court's Order results in a finding by the Court that Plaintiff has failed to comply with its Order. Consequently, the Court will dismiss Plaintiff's complaint for noncompliance with its Order and failure to prosecute.

Plaintiff has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

Therefore, this action will be **DISMISSED** for Plaintiff's failure to prosecute and to comply with the orders of this Court, *see* Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) (Doc. 2), and his motion to proceed *in forma pauperis* will be **DENIED** (Doc. 1).

An appropriate Judgment will enter.

                                                      */s/ Harry S. Mattice, Jr.*
                                                      HARRY S. MATTICE, JR.
                                                      UNITED STATES DISTRICT JUDGE